IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ON THE GO FOOD & FUEL, INC.,** a Florida Corporation, **MASOOD A. SIAL**, an Individual, and **MAH'D A. MSAWEL**, an Individual, <br><br>Plaintiffs,<br><br>-vs-<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant | Case No. |

# COMPLAINT

The Plaintiffs, ON THE GO FOOD & FUEL, INC., a Florida corporation, and MASOOD A. SIAL, an Individual, and MAH'D A. MSAWEL, an Individual, by and through their undersigned counsel and hereby file suit against the United States of America pursuant to 7 U.S.C. §2023, and seek a *de novo* Judicial Review of the Administrative Decision to deny the Plaintiffs re-authorization as a Supplemental Nutrition Assistance Program ("SNAP") retailer for six months. In support of this claim, the Plaintiffs allege:

**CASE BACKGROUND & PROCEDURAL HISTORY**

1. The Plaintiffs operate a retail food store On the Go Food & Fuel, Inc., (hereafter "On the Go Food") which is located at 6444 Massachusetts Ave., New Port Richey, Florida 34653-2532.

2. On the Go Food is an authorized SNAP retailer, participating in the United States Department of Agriculture's nutrition program previously called the "Food Stamp Program." In February 29, 2020 the store was due up for a five (5) year reauthorization,

and accordingly, the Defendant (acting through the USDA, Food and Nutrition Service) sent a reauthorization request to On the Go Food.

3. The Plaintiffs timely and appropriately submitted a re-authorization application to the Defendant's Department of Agriculture, Food and Nutrition.

4. On March 16, 2020 the Defendant (acting through the USDA, Food and Nutrition Service) had an FNS contractor visit On the Go Food in an effort to determine whether or not the firm met eligibility requirements to be reauthorized in SNAP.

5. The Defendant, through its Department and sub-agencies, determined that the Plaintiffs did not carry a sufficient quantity or variety of staple foods to be eligible for SNAP participation under Criterion A or Criterion B. Specifically, the Department claimed that the Plaintiffs lacked sufficient dairy inventory to qualify under Criterion A of 7 C.F.R. §278.1. In any case, the Department issued a letter notifying the Plaintiffs of their re-authorization denial.

6. The Plaintiffs filed an administrative appeal and sought review from the Defendant's Administrative Review Division within the Department of Agriculture.

7. In an opinion dated October 14, 2020, Mr. Robert Deegan upheld the Defendants' prior decision, finding in pertinent part that the Plaintiffs failed to meet criteria pertaining to the firm had insufficient inventory in the dairy category making the firm ineligible under Criterion A and also firm did not derive more than 50 percent of its annual sales from the sale of staple foods and was not eligible for authorization under Criterion B. The Final Agency Decision is attached hereto as **Exhibit "A".**

8. However, Mr. Deegan failed to consider inventory that was located on site during the Department's inspection, which would have allayed any concerns about inventory contents.

9. In accordance with 7 U.S.C. §2023, and as noted by the Final Agency Decision, the Plaintiffs have the opportunity for a *de novo* Judicial Appeal of the Final Agency Decision, for which this matter is filed.

**PARTIES**

10. The Plaintiff, ON THE GO FOOD & FUEL, INC., a Florida corporation, with a principal office address of 6444 Massachusetts Ave., New Port Richey, Florida 34653. The Plaintiffs are referred to collectively by, "On the Go Food" or "Plaintiffs."

11. The Plaintiff, MASOOD A. SIAL, an Individual, is a natural person and a resident of Florida. Plaintiff, Mr. Sial, is an owner of On the Go Food & Fuel, Inc., a Florida corporation, and a SNAP applicant on behalf of the business. The Plaintiffs are referred to collectively by, "On the Go Food" or "Plaintiffs."

12. The Plaintiff, MAH'D A. MSAWEL, an Individual, is a natural person and a resident of Florida. Plaintiff, Mr. Msawel, is an owner of On the Go Food & Fuel, Inc., a Florida corporation, and a SNAP applicant on behalf of the business. The Plaintiffs are referred to collectively by, "On the Go Food" or "Plaintiffs."

13. The Defendant, the United States of America, administers the Supplemental Nutrition Assistance Program (SNAP) through the Department of Agriculture (USDA) and its subsidiary, the Food and Nutrition Service (FNS). The Defendant is referred to herein as the "Government."

**JURISDICTION & VENUE**

14. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

15. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in

this case pursuant to 7 U.S.C. §2023(17), and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

16. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as Plaintiffs' business was owned and operated in New Port Richey, Florida, and because the facts giving rise the circumstances herein occurred in the Middle District of Florida-Tampa Division.

**CRITERION FOR ELIGIBILITY IN SNAP**

17. Retailer eligibility for participation in the Supplemental Nutrition Assistance Program is controlled by 7 U.S.C. §2018, and more specifically by 7 C.F.R. §278.1

18. Section 278.1(b)(1)(ii) sets forth the standards for Criterion A (the criterion under which the Plaintiffs sought reauthorization), and states in pertinent part:

> "To qualify under this criterion, the store must offer for sale on a continuous basis "[o]ffer for sale and normally display in a public area, qualifying staple food items on a continuous basis, evidenced by having…no fewer than seven different varieties of food items in each of the four staple food categories with a minimum depth of stock of three stocking units for each qualifying staple variety and at least one variety of perishable foods in at least three staple food categories." 7 C.F.R. §278.1(b)(1)(ii)(A).

19. However, the Defendant's current implementation of 7 C.F.R. §278.1 is less restrictive than how the regulation reads on its face. As noted by ARO Deegan:

> "7 CFR §271.2 defines a Retail Food Store as: An establishment that sells food for home preparation and consumption normally displayed in a public area, and either offers for sale, qualifying staple food items on a continuous basis, evidenced by having no fewer than seven different varieties of food items in each of the four staple food categories with a minimum depth of stock of three stocking units for each qualifying staple variety, including at least one variety of perishable foods in at least three such categories, (Criterion A) as set forth in 278.1 § (b)(1)." Page 3 of **Exhibit A**.

20. As such, for the Plaintiffs to qualify for participation, they needed to have three varieties of dairy items, with a minimum depth of three stocking units.

**COUNT I: REQUEST FOR JUDICIAL REVIEW**

21. The Plaintiffs re-aver the allegations set forth above as though set forth fully herein.

22. The Plaintiffs, pursuant to 7 U.S.C. §2023 are entitled to a *de novo* review of the Government's decision to deny re-authorization of the store.

23. The Plaintiffs qualify to participate in the SNAP program as an authorized retailer under the regulatory criterion found in 7 C.F.R. §278, just as they have in the past.

24. However, through the error or failures of the Department's on-site inspector, the Plaintiffs inventory was not documented correctly, resulting in the Defendant's belief that the store's inventory was inadequate.

25. The Store had at least three dairy varieties, with at least three stocking units regularly maintained on the shelves, in compliance with the standards for Criterion A.

26. Had the inventory been documented correctly, the Department would have found the Plaintiffs to have sufficient inventory, and the SNAP license would have been renewed.

27. It is the belief of the Plaintiffs that discovery in this matter will show that the Government had an incomplete understanding of the Plaintiffs business and inventory, and that upon an evidentiary hearing, the Plaintiffs will be able to demonstrate by a preponderance of the evidence, that On the Go Food's inventory levels met or exceeded the regulatory requirements.

28. Additionally, the Department's determination that the Plaintiffs had not complied was arbitrary and capricious in nature, rendering the decision errant and reversible.

29. Specifically, without limitation, the Department's dismissal of the Plaintiffs facts and

evidence was without basis, and determination that the store's inventory was non-compliant disregarded the store's customary inventory levels.

30. Therefore, pursuant to 7 U.S.C. §2023, this Court should reverse the Department's determination and find that the store should have been reauthorized.

31. The Plaintiffs have incurred attorney's fees and costs in bringing this matter before the Court, and respectfully request that the Government be required to repay said fees in the event the Court enters judgment in their favor.

WHEREFORE, the Plaintiffs, ON THE GO FOOD & FUEL, INC., a Florida corporation, and MASOOD A. SIAL, an Individual, and MAH'D A. MSAWEL, an Individual, respectfully request this Honorable Court conduct a review of the Administrative Denial of Re-Authorization, and enter Judgment in favor the Plaintiffs, compelling the Government to re-authorize On the Go Food & Fuel, Inc. and granting the Plaintiffs their attorney's fees and costs.

Dated:  November 12, 2020                    Respectfully Submitted,

**METROPOLITAN LAW GROUP, PLLC**

*Andrew Tapp*

**ANDREW Z. TAPP, ESQ.**
Florida Bar No.: 68002
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
(813) 228-0658
Andrew@Metropolitan.Legal
LaJeana@Metropolitan.Legal
**COUNSEL FOR PLAINTIFFS**